(22 Misc. Rep. 15.)

### STRANSKY v. HARRIS.

### SAME v. WEICHMAN et al.

(City Court of New York, General Term. December 11, 1897.)

BAIL—ACTION ON BOND—DEFENSES.

After judgment for the plaintiff in a civil action, in which the defendant has been arrested and released on a bail bond, an execution against the defendant's person was delivered to the sheriff by plaintiff's attorneys, who, though asked for his address, did not furnish it. It appeared that they could readily have procured it, and there was evidence that they were not anxious to find the defendant, and preferred to rely on the surety only. Plaintiff then brought an action on the bond. *Held*, that the surety had not received the fair treatment to which he was entitled, and that a motion directing the issue of a new alias or amended execution against the original defendant, and permitting the surety to thereafter surrender him to the sheriff, was properly granted.

Appeal from special term.

Actions by Maurice Stransky against Abraham Harris and against Nathan Weichman and Nathan Ritteman. From orders of the special term, plaintiff appeals. Affirmed.

Argued before CONLAN and O'DWYER, JJ.

Epstein Bros., for appellant.
Charles A. S. Champain, for respondents.

CONLAN, J. This is an appeal from an order of the special term, which directed the plaintiff to issue a new alias or amended execution against the person of the defendant in action No. 1 to the sheriff of the city and county of New York, and that the defendant Nathan Weichman in action No. 2 be permitted thereafter to surrender Harris to said sheriff in the manner provided by the Code. The record

before us presents some strange features. It appears uncontradicted that the defendant Harris was at all times during the past nine years a resident at 116 Rivington street, New York City, and was still a resident there on the 24th of March, 1897, and therefore, in the month of April, 1896, at the time the execution was issued against his person. He was such resident when served with the summons in action No. 1, and when the bail bond was executed; but, further, it also appears that at the time of the delivery to the sheriff of the execution against the person the attorney was asked the address of the judgment debtor, and the same was not furnished to the sheriff, and he indorsed this statement upon the writ, and at the end of the 60 days this execution was returned, indorsed, "Defendant not found." There is sufficient evidence in the record going to show that the desire to find the defendant Harris was not very strong in the mind of the plaintiff's attorneys, and that they hardly expected to realize anything from him, but intended to rely upon an action against the sureties, or one of them, to collect the judgment. That plaintiff attempts to excuse his inability to find Harris by saying that they were not originally the attorneys in the action, is not sufficient, for they were evidently in possession of all the papers and proceedings in the case, and certainly could have possessed themselves of the precise information sought by the sheriff's office, had they so desired. The very earnest effort also put forth by the former attorney of the defendant Weichman to prevent a possible surrender of Harris does not appear to us as an act of good faith towards the bail, and was, doubtless, of some material assistance to the other attorneys in their effort to fasten a pecuniary liability upon the defendant Weichman. Our attention is called by the attorneys of both sides to the case of Douglas v. Haberstro, 88 N. Y. 611–620, and sections 599–601 of the Code, as an authority for their different contentions, and the learned judge at special term has put an interpretation upon all of these which is in accord with our views on the subject. The equities of the case appear to be entirely on the side of the defendant Weichman, and he is entitled to the full protection of the court. There appears to us sufficient in the language of Mr. Justice Finch, in the case cited, to warrant the belief that, where anything is done or left undone to prevent the service of the writ, or even though no fraud or collusion is alleged, it is a good defense in favor of the surety in an action upon an undertaking, and, but for the action of the attorneys for the time being, the case could doubtless have been tried upon its merits, and the unpleasant state of things which has been presented to us in the record would hardly have occurred. We are inclined to do full justice to the defendant, who, we think, has not been fairly treated, and, for the reasons stated herein, the order appealed from must be affirmed.

Order affirmed, with costs.

O'DWYER, J., concurs.